IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRY JOHNSON, et al.,            )
                                  )
           Plaintiffs,            )
                                  )
   v.                             )   No. 13 C 5082
                                  )
ILLINOIS DEPARTMENT OF            )
HEALTHCARE FAMILY SERVICES,       )
DIVISION OF CHILD SUPPORT         )
SERVICES, et al.,                 )
                                  )
           Defendants.            )

## MEMORANDUM OPINION AND ORDER

Plaintiffs describing themselves as "Jerry V. Johnson, Individually And as Next Friend of Calvin C. Johnson, A Disabled Person, Calvin C. Johnson" have filed a self-prepared Complaint against the Illinois Department of Healthcare and Family Services, Division of Child Support Services ("Department") and three of its personnel--Director Julie Hamos, Administrative Appeals Coordinator Richard Phelan and Department Hearing Officer Cassandra Scanlon. That filing has been accompanied by two In Forma Pauperis Applications ("Applications"), one signed by Jerry Johnson ("Jerry") and the other by Calvin Johnson ("Calvin"). This memorandum order is issued sua sponte to address some problematic aspects of the Complaint.

To begin with, Jerry characterizes himself as having "acted as representative on behalf of Calvin C. Johnson since April 2008 in communication with the Defendants and initially disputed

allege[d] debt for child support via correspondence and verbal communication." Whether the individual defendants, acting on behalf of Department, have permitted Jerry to do that is for them to decide--but he is not a licensed lawyer, so that he cannot represent Calvin in this action, nor do any of the allegations in the Complaint advance any claimed rights personal to Jerry. Accordingly he is dismissed as a plaintiff because he presents no case or controversy for Article III purposes (and hence this Court lacks subject matter jurisdiction vis-a-vis Jerry). Relatedly, Jerry's Application is denied as moot.

As for Calvin, the Complaint seeks to invoke 42 U.S.C. §1983 ("Section 1983") on the premise that his right to due process of law was violated by an administrative proceeding that determined the amount of child support that he assertedly owed. Complaint ¶15 acknowledges that review of the administrative decision was sought in the Circuit Court of Cook County and that the lawsuit in that court has been dismissed--and the Complaint charges that the Circuit Court judge who handled the case also violated Calvin's right to due process.

So although the Complaint seeks damages (unavailable against Department, of course, because of the Eleventh Amendment), plus declaratory and injunctive relief, when the underbrush is cut away what remains is a collateral attack on a state court judgment. That scenario could potentially bring this action

within the scope of the Rooker-Feldman doctrine, under which this *Court* would lack subject matter jurisdiction to review that state court judgment in substantive terms. But that possibility, as contrasted with the potential for considering whether the state court judgment could trump this action on grounds of claim preclusion (often less precisely termed res judicata), is one that has divided the federal courts.

Thus such cases as B.J.G. v. Rockwell Automation Inc., 497 Fed. App'x 807 (10th Cir. 2012) extend the Rooker-Feldman doctrine to bar Section 1983 claims that assert due process violations allegedly caused by the state court in reaching its decision. But our own Court of Appeals has cabined the Rooker-Feldman canon, finding it inapplicable where the party attacking the state court judgment has alleged that the state court committed a violation of an independent right--say in the area of a due process deprivation.

That position was articulated for a Seventh Circuit panel by Judge Posner's opinion in Nesses v. Shepard, 6 F.3d 1003, 1005 7th Cir. 1995), with Judge Fairchild dissenting. Here is what the majority opinion in Nesses, id. said on that score (most citations omitted):

> To show harm and thus keep the present suit alive, Nesses would have to show that the decision by the Indiana court in his suit for breach of contract was erroneous, and that, it may appear, Rooker-Feldman bars him from doing. But the doctrine is not that broad. Were Nesses merely claiming that the decision of the

3

state court was incorrect, even that it denied him some constitutional right, the doctrine would indeed bar his claim. But if he claims, as he does, that people involved in the decision violated some independent right of his, such as the right (if it is a right) to be judged by a tribunal that is uncontaminated by politics, then he can, without being blocked by the Rooker-Feldman doctrine, sue to vindicate that right and show as part of his claim for damages that the violation caused the decision to be adverse to him and thus did him harm. Otherwise there would be no federal remedy for a violation of federal rights whenever the violator so far succeeded in corrupting the state judicial process as to obtain a favorable judgment, as alleged in cases such as Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), and Casa Marie, Inc. v. Superior Court, 988 F.2d 252, 259 (1st Cir. 1993).

To be sure, there have been some apparent hiccups in the Seventh Circuit's decisional development since then (see, for example, Garry v. Gels, 82 F.3d 1362 (7th Cir. 1996)). But the most recent published Seventh Circuit opinion that this Court has located, Loubser v. Thacker, 440 F.3d 439, 4441-42 (7th Cir. 2006)--an opinion also written by Judge Posner for that court--said, in language whose analysis closely approaches the situation portrayed in this case:

> The claim that a defendant in a civil rights suit "so far succeeded in corrupting the state judicial process as to obtain a favorable judgment" is not barred by the Rooker-Feldman doctrine. Nesses v. Shepard, 68 F.3d 1003, 1005 (7th Cir. 1995). Otherwise there would be no federal remedy other than an appeal to the U.S. Supreme Court, and that remedy would be ineffectual because the plaintiff could not present evidence showing that the judicial proceeding had been a farce, cf. Moore v. Dempsey, 261 U.S. 86, 91, 43 S.Ct. 265, 67 L.Ed 543 (1923)(Holmes, J.); one cannot present evidence to an appellate court.

4

In sum, the complaint in this action survives initial scrutiny in <u>Rooker-Feldman</u> terms: It is not subject to dismissal for lack of subject matter jurisdiction. This determination does not of course foreclose the possibility that claim preclusion may potentially apply, but that is a nonjurisdictional consideration and is down the road. Hence this Court grants Calvin's Application and is contemporaneously issuing its customary initial scheduling order.

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: July 24, 2013