```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

CALVIN C. JOHNSON,              )
                                )
          Plaintiffs,           )
                                )
     v.                         )    No.  13 C 5082
                                )
ILLINOIS DEPARTMENT OF HEALTH   )
AND HUMAN SERVICES, etc.,       )
et al.,                         )
                                )
          Defendants.           )

<u>MEMORANDUM ORDER</u>

On September 3 this Court entered and continued the extensive motion by the defendants in this action--Illinois Department of Healthcare and Family Services ("Department") and three of its employees--to dismiss the Complaint brought against them by the sole remaining plaintiff, Calvin Johnson ("Johnson"). In doing so this Court included this directive in its minute entry on that date:

> Plaintiff is ordered to respond to the motion within a reasonable time (and to notify the Court promptly as to how soon that response can be filed).

Just a few days short of a month have elapsed without a word of response or explanation by Johnson. That being so, defendants' compellingly persuasive arguments call for dismissal of this action. There is no need to go through any chapter-and-verse analysis, for a few sentences in the "Introduction" section of the motion sum up the situation succinctly:

> Plaintiff Calvin Johnson is a child support obligor subject to an administrative order of support issued by

Defendant IDHFS, the state agency charged with child support enforcement in the State of Illinois.

\*     \*     \*

The record is replete with examples of many procedural mis-steps by both Johnsons in their dealings with the State, and their subsequent attempts to blame State officials for their own errors. Because Plaintiff Calvin Johnson readily admits that he is the father of these children and is a non-custodial parent (Complaint ¶18), it is unclear under what legal theory he believes he should not be subject to a support order for the children.

\*     \*     \*

Because Plaintiff's claim is against government officials and arises from underlying state court proceedings relating to Plaintiff's attempts to free himself from a child support debt, this Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment, the Claim Preclusion Doctrine, and the Domestic Relations Exception to federal jurisdiction.

Accordingly defendants' motion is granted. Both Johnson's Complaint and this action are dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 2, 2013